**FILED**
CLERK, U.S. DISTRICT COURT

07/12/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JI RYANG CHAE,<br>　aka "Chae Yu,"<br>　aka "BB,"<br>JASMINE DAKOTA BEVERLY,<br>　aka "Bbybegirl," and<br>EARNEST AKINDELE TEAMER,<br>　aka "Scooby,"<br>　aka "Splash,"<br>　aka "Water Splash,"<br>　aka "SPLASH CiTyBoi,"<br>　aka "$koobystacks,"<br><br>　　　　Defendants. | ED CR No. 5:23-cr-00131-MCS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1594(c): Conspiracy to Commit Sex Trafficking of a Minor; 18 U.S.C. § 1591(a)(1), (b)(2), (c): Sex Trafficking of a Minor; 18 U.S.C. § 1594(d), 28 U.S.C. § 2461: Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1594(c)]

[ALL DEFENDANTS]

A.　INTRODUCTORY ALLEGATIONS

　　At times relevant to this Indictment:

    1.    ACE CARE Massage Parlor ("ACE CARE") in Redlands, California, was a massage parlor where workers provided commercial sex acts to customers.

    2.    Defendant JI RYANG CHAE, also known as ("aka") "Chae Yu," aka "BB," was the manager of ACE CARE.

    3.    JASMINE DAKOTA BEVERLY, aka "Bbybegirl," was the manager-in-training at ACE CARE.

    4.    EARNEST AKINDELE TEAMER, aka "Scooby," aka "Splash," aka "Water Splash," aka "SPLASH CiTyBoi," aka "$koobystacks," acted as a recruiter for ACE CARE.

    5.    Minor Victim 1 was a 15-year-old girl.

    6.    Minor Victim 2 was a 14-year-old girl.

B.    <u>OBJECTS OF THE CONSPIRACY</u>

    7.    Beginning on an unknown date, and continuing to on or about April 5, 2022, in San Bernardino County, within the Central District of California, and elsewhere, defendants CHAE, BEVERLY, and TEAMER conspired with each other and others known and unknown to the Grand Jury to knowingly recruit, entice, harbor, transport, provide, obtain, and maintain Minor Victim 1, and Minor Victim 2, having had a reasonable opportunity to observe Minor Victim 1 and Minor Victim 2 and knowing and in reckless disregard that Minor Victim 1 and Minor Victim 2 were under the age of 18 years old and knowing and in reckless disregard that Minor Victim 1 and Minor Victim 2 would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1)(, (b)(2), and (c).

C. **MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED**

8. The objects of the conspiracy were to be accomplished, in substance, as follows:

   (a) Defendants BEVERLY and TEAMER would recruit girls under the age of 18 years old, to work as commercial sex workers at ACE CARE.

   (b) Defendant BEVERLY would provide transportation to and from ACE CARE for Minor Victim 1 and Minor Victim 2.

   (c) As Minor Victim 1's recruiter, defendant BEVERLY would take $10 from Minor Victim 1 for each customer Minor Victim 1 saw.

   (d) As Minor Victim 1's recruiter, defendant TEAMER would take $200 per week from Minor Victim 1.

   (e) As the manager of ACE CARE, defendant CHAE would require workers to pay "rent" in return for condoms, cleaning supplies, and a place to work, and defendant CHAE would take approximately $2,000 per month for "rent" from Minor Victim 1.

   (f) As Minor Victim 2's "pimp," defendant TEAMER would require Minor Victim 2 to give him some or all of the proceeds from her work as a commercial sex worker.

D. **OVERT ACTS**

9. In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, on or about the following dates, defendants CHAE, BEVERLY, and TEAMER, and others known and unknown to the Grand Jury, committed various overt acts in San Bernardino County, within the Central District of California, and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1:</u>   On or about March 10, 2022, defendants TEAMER and BEVERLY picked up Minor Victim 1 from a group home and spoke to her about commercial sex acts at ACE CARE.

<u>Overt Act No. 2:</u>   On or about March 11, 2022, defendants TEAMER and BEVERLY, knowing that Minor Victim 1 was under the age of 18 years, drove Minor Victim 1 to ACE CARE, a massage parlor, in Redlands, California, and introduced Minor Victim 1 to defendant CHAE, knowing that Minor Victim 1 would provide commercial sex acts at ACE CARE.

<u>Overt Act No. 3:</u>   On or about March 21, 2022, defendant CHAE supervised Minor Victim 2 when she provided commercial sex acts to customer P.M. at ACE CARE.

<u>Overt Act No. 4:</u>   On or about March 25, 2022, defendant CHAE sent defendant BEVERLY a text message confirming that defendant CHAE would provide gas money to defendant BEVERLY to drive Minor Victim 1 back to ACE CARE, so that Minor Victim 1 could continue working at ACE CARE.

<u>Overt Act No. 5:</u>   On or about March 25, 2022, defendant BEVERLY transported Minor Victim 1 to ACE CARE, knowing that Minor Victim 1 would provide commercial sex acts at ACE CARE.

<u>Overt Act No. 6:</u>   On or about March 31, 2022, defendant CHAE supervised Minor Victim 1 when she provided commercial sex acts to customer A.J. at ACE CARE.

<u>Overt Act No. 7:</u>   On or about April 2, 2022, defendant TEAMER escorted Minor Victim 2 into ACE CARE, knowing that she would provide commercial sex acts to customers at ACE CARE.

COUNT TWO

[ALL DEFENDANTS]

[18 U.S.C. §§ 1591(a)(1), (b)(2), (c); 18 U.S.C. § 2(a)]

Beginning on an unknown date and continuing to at least on or about April 5, 2022, in San Bernardino County, within the Central District of California, and elsewhere, in and affecting interstate commerce, defendants JI RYANG CHAE also known as ("aka") "Chae Yu," aka "BB," JASMINE DAKOTA BEVERLY, aka "Bbybegirl,", and EARNEST AKINDELE TEAMER, aka "Scooby," aka "Splash," aka "Water Splash," aka "SPLASH CiTyBoi," aka "$koobystacks," each aiding and abetting each other, knowingly recruited, harbored, transported, provided, obtained, and maintained Minor Victim 1, a then-15-year-old girl, having had a reasonable opportunity to observe Minor Victim 1 and knowing and in reckless disregard of the fact that Minor Victim 1 was under the age of 18 years old and would be caused to engage in a commercial sex act.

COUNT THREE

[ALL DEFENDANTS]

[18 U.S.C. §§ 1591(a)(1), (b)(2), (c); 18 U.S.C. § 2(a)]

Beginning on an unknown date and continuing to at least on or about March 20, 2022, in San Bernardino County, within the Central District of California, and elsewhere, in and affecting interstate commerce, defendants JI RYANG CHAE, also known as ("aka") "Chae Yu," aka "BB," JASMINE BEVERLY, aka "Bbybegirl," and EARNEST AKINDELE TEAMER, aka "Scooby," aka "Splash," aka "Water Splash," aka "SPLASH CiTyBoi," aka "$koobystacks," each aiding and abetting each other, knowingly recruited, harbored, transported, provided, obtained, and maintained Minor Victim 2, a then-14-year-old girl, having had a reasonable opportunity to observe Minor Victim 2 and knowing and in reckless disregard of the fact that Minor Victim 2 was under the age of 18 years old and would be caused to engage in a commercial sex act.

FORFEITURE ALLEGATION

[18 U.S.C. §§ 1591(a)(1), (b)(2), (c); 18 U.S.C. § 2(a)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1594(d), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

    (a) Any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property;

    (b) Any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property; and

    (c) In the event such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof (a)

7

cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/

Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

TRITIA L. YUEN
Assistant United States Attorney
Riverside Branch Office